IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CIRO DARELLI,<br><br>　　Plaintiff,<br><br>vs.<br><br>PARK CITY MUNICIPAL CORP., et al.,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING MAGISTRATE JUDGE'S JULY 12, 2007 ORDER RE: EXTENSION OF DISCOVERY PERIOD<br><br><br><br>Case No. 2:06-CV-354 TS |

　　Plaintiff objects to the Magistrate Judge's July 12, 2007 Order Granting in Part Motion to Extend Fact Discovery Period[1] (Order). In his Order, the Magistrate Judge noted that Plaintiff's Motion to Extend Fact Discovery Period was filed after the close of fact discovery and was not supported by a memorandum or a reply brief. The Magistrate Judge found (1) the Motion did not establish sufficient basis for the entire relief; (2) that there would be "little harm" in granting limited relief in the form of requiring late answers to some narrowly formulated written discovery; and (3) the remaining extension should not

---

　　[1]Docket No. 19.

1

be permitted because it "would impose an undue burden on Defendants and require rescheduling of the case without any justification."[2]

Plaintiff objects on the following grounds: no prior extension had been requested from the Court; Plaintiff needs extra time to examine the many documents because they were produced very late in the discovery period; discovery had previously been "very cooperative"; the failure to grant the full extension would prejudice Plaintiff more than Defendants; and that Plaintiff did not file a reply brief because it never received the Defendants' Response.

Defendants admit that they failed to serve a hard copy of their response on Plaintiff, but contend that the oversight was the result of Plaintiff's counsel's own failure to comply with this district's mandatory e-filing requirement, under which Plaintiff would have automatically received electronic notice. Defendants also contend as follows: Plaintiff was dilatory in not timely completing the majority of discovery within the standard deadlines set by the scheduling order; Plaintiff did not act timely in seeking the extension; the bulk of Defendant's documents (813 out of 1,322) were identified and made available to Plaintiff early in the discovery period; substantial delay would result from extending the discovery deadlines as requested; and any prejudice to Plaintiff in denying the extension is entirely of his own making.

For non-dispositive pretrial matters, this Court reviews the Magistrate Judge's

---

[2]*Id.* at 2.

Orders under a "clearly erroneous or contrary to law" standard of review.[3]  Under the clearly erroneous standard, this Court will affirm the Magistrate Judge's ruling "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[4]  Courts recognize that wide discretion is given the magistrate judge in discovery rulings.[5]

Having reviewed the entire record, the Court finds that failure to serve the response was not prejudicial for two reasons.  First, because the Magistrate Judge's Order was based on the merits of the Motion and not on the lack of a reply.  Second, because Plaintiff's Objection does not set forth grounds to reverse the Magistrate Judge's Order.  The Court finds no error in Magistrate Judge's finding that extending the deadline in the circumstances of this case would impose an undue burden on Defendants and require rescheduling of the case without any justification.  Accordingly, it is therefore

ORDERED that Plaintiff's Objection to Magistrate's Order Re: Motion to Extend Fact Discovery Period (Docket No. 21) is OVERRULED.  It is further

---

[3] 28 U.S.C. § 636(b)(1)(A).

[4] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[5] *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir. 1999).

ORDERED that the Magistrate Judge's July 12, 2007 Order Granting in Part Motion to Extend Fact Discovery Period is AFFIRMED IN ALL RESPECTS.

DATED August 17, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge